IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| D.N. and S.N., minors by and through their Guardians Ad Litem Arthur Nelson IV and Marie Nelson, ARTHUR NELSON IV, and MARIE NELSON,<br><br>　　　　　Plaintiffs<br><br>　　v.<br><br>KEVIN SNYDER, GORDON WATTS, and NORTH LONDONDERRY TOWNSHIP,<br><br>　　　　　Defendants | CIVIL ACTION NO. 1:08-CV-0526<br><br>(Judge Conner) |

## ORDER

AND NOW, this 2nd day of April, 2009, upon consideration of the motion (Doc. 24) to quash subpoena, filed by non-party the Lebanon County Detective Bureau ("LCDB"), wherein LCDB avers that it received a subpoena from defendants requesting "any and all records, documents, statements, memos, notes and interview transcripts which relate to the investigation conducted regarding Michael Fernsler," (see Doc. 24, Ex. A), and argues that the Pennsylvania Criminal History Record Act prohibits disclosure of the requested documents, see 18 PA. CONS. STAT. § 9106(c)(4) ("Investigative and treatment information shall not be disseminated to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency which requests the information in connection with its duties . . . ."), and recognizing that Federal Rule of Civil Procedure 26 provides the "general framework for

determining the scope of allowable discovery for cases in federal courts," Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000), that relevant information is discoverable absent the assertion of an apposite evidentiary privilege, see id.; see also FED. R. CIV. P. 26(b)(1) (allowing discovery of any "nonprivileged matter that is relevant to any party's claim or defense"), and that the assertion of privileges in federal court is governed by Federal Rule of Evidence 501, see FED. R. EVID. 501 (stating that "the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience"); Pearson, 211 F.3d at 65-66, and it appearing that neither LCDB or defendants have briefed the above-described discovery framework, (see Docs. 27, 30), but that defendants have volunteered to narrow the scope of the subpoena, so as to request "[a]ny and all notes, memos, reports, documents and correspondence regarding Michael Fernsler, Gerry Cassel, Gordon Watts and/or Chief Kevin Snyder" and "[a]ny and all notes, memos, reports, documents and correspondence regarding Michael Fernsler's employment with North Londonderry Township and/or that refer to the incident which involved the North Londonderry Township computer," (see Doc. 30 at 5), it is hereby ORDERED that:

1. On or before April 16, 2009, non-party LCDB shall produce *in camera* all records pertaining to the following:

      a.    Any and all notes, memos, reports, documents and correspondence regarding Michael Fernsler, Gerry Cassel, Gordon Watts, and/or Chief Kevin Snyder.

      b.    Any and all notes, memos, reports, documents and correspondence regarding Michael Fernsler's employment with North Londonderry Township and/or that refer to the incident which involved the North Londonderry Township computer.

2.    In addition to, and simultaneous with, the court's *in camera* review, defendants and non-party LCDB shall submit supplemental briefing on the motion (Doc. 24) to quash. Briefing shall be completed in accordance with the following rules:

      a.    **Briefing Schedule.** The parties shall file supplemental briefs in accordance with the following schedule:

            i.    Non-party LCDB shall file a supplemental brief in support of its motion (Doc. 24) to quash on or before April 23, 2009.

            ii.    Defendants shall file a supplemental brief in opposition to the motion (Doc. 24) to quash on or before April 30, 2009.

      b.    **Content of Supplemental Briefs.** The content of the supplemental briefs shall address the appropriate scope of discovery in matters presenting federal-law claims. The parties shall address the applicability of privileges under Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 501, as well as the application of the discoverability framework set forth in <u>Pearson v. Miller</u>, 211 F.3d 57 (3d Cir. 2000).

                       S/ Christopher C. Conner
                       CHRISTOPHER C. CONNER
                       United States District Judge