# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| D.N. and S.N., minors by and through their Guardians Ad Litem Arthur Nelson IV and Marie Nelson, **ARTHUR NELSON IV**, and **MARIE NELSON**, : : : : : : **Plaintiffs** : : **v.** : : **KEVIN SNYDER, GORDON WATTS,** and **NORTH LONDONDERRY TOWNSHIP**, : : : : : **Defendants** : | CIVIL ACTION NO. 1:08-CV-0526 (Judge Conner) |

## **ORDER**

AND NOW, this 6th day of May, 2009, upon consideration of the motion (Doc. 24) to quash subpoena, filed by non-party the Lebanon County Detective Bureau ("LCDB"), and the investigative files provided by LCDB for the court's *in camera* review, and LCDB's supplemental memorandum (Doc. 41) in support of its motion to quash, wherein LCDB argues that its investigative files are not discoverable under Federal Rule of Civil Procedure 26 and that they are privileged, (see id. at 2-4), and it appearing that the court ordered defendants to file a supplemental brief in opposition to the motion (Doc. 24) to quash on or before April 30, 2009, (see Doc. 40

¶ 2), that defendants have failed to do so as of the date of this order,[1] and that defendants have consequently conceded LCDB's arguments regarding the discoverability of the investigative file under Rule 26 and federal privilege law, see L.R. 7.6 (indicating that any party that fails to submit a responsive brief opposing a motion shall be deemed not to oppose the motion); D'Angio v. Borough of Nescopeck, 34 F. Supp. 2d 256, 265 (M.D. Pa. 1999) (granting defendant's motion to

---

[1] This is but the latest instance in what appears to be a pattern of inattentive behavior on the part of defendants in litigating this motion. For clarity of the record, a brief recounting is in order. On September 3, 2008, defendants subpoenaed LCDB in solicitation of "any and all records, documents, statements, memos, notes and interview transcripts which relate to the investigation conducted regarding Michael Fernsler." (See Doc. 24, Ex. A.) LCDB moved to quash the subpoena on September 16, 2008. (Doc. 24.) By November 3, 2008, defendants had not filed a brief in opposition to the motion to quash. Rather than granting LCDB's motion as unopposed under Local Rule 7.6, however, the court *sua sponte* afforded defendants an additional seven days within which to oppose the motion. (See Doc. 28.) On November 12, 2008, defendants finally filed their opposition, (see Doc. 30), but failed to discuss the applicability of Federal Rule of Civil Procedure 26, which governs discovery in the federal courts. See Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000). On April 1, 2009, the court conducted a telephone conference with the parties, in which several discovery issues were discussed. (See Doc. 39.) During this conference, defense counsel specifically adverted to the still-outstanding motion to quash, and informed the court that absent a ruling thereon, defendants would be forced to seek a third extension of time in order to complete discovery. The court issued an order the following day, compelling LCDB to produce the subpoenaed documents *in camera*. (Doc. 40.) In addition, because neither party had briefed the applicability of Rule 26, the court ordered supplemental briefing. (Id.) On April 22, 2009, LCDB submitted a supplemental brief addressing the discoverability of its investigative file under Rule 26, (Doc. 41); inexplicably, defendants submitted nothing. Defendants have not opposed the merits of LCDB's motion to quash, see L.R. 7.6, yet they have caused non-party LCDB to incur the expense to both produce the subpoenaed documents *in camera* and to litigate the motion on the merits. Counsel for defendants is admonished to exercise greater attentiveness to the directives of this court, and to remain cognizant of the deadlines by which the parties must abide.

2

dismiss pursuant to Local Rule 7.6 because plaintiff failed to address the merits of defendant's motion in an opposition brief), and the court concluding that defendants' non-compliance with the order of court (Doc. 40) dated April 2, 2009, which explicitly required supplemental briefing on the merits of LCDB's motion (Doc. 24) to quash, constitutes a failure by defendants to defend diligently, see L.R. 83.3.1(a) (indicating that a litigant's failure to comply with an order of court may be considered "an abandonment or failure to prosecute or defend diligently"), it is hereby ORDERED that the motion (Doc. 24) to quash subpoena, filed by non-party LCDB, is GRANTED. The subpoena served upon LCDB, and dated September 3, 2008 (Doc. 24, Ex. A), is QUASHED.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge