**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **D.N. and S.N., minors by and through** | : | **CIVIL ACTION NO. 1:08-CV-0526** |
| **their Guardians Ad Litem Arthur** | : | |
| **Nelson IV and Marie Nelson, ARTHUR** | : | **(Judge Conner)** |
| **NELSON IV, and MARIE NELSON,** | : | |
| | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **KEVIN SNYDER, GORDON WATTS,** | : | |
| **and NORTH LONDONDERRY** | : | |
| **TOWNSHIP,** | : | |
| | : | |
| **Defendants** | : | |

# <u>ORDER</u>

AND NOW, this 11th day of May, 2009, upon consideration of defendants'

motion (Doc. 43) for relief from the order of court (Doc. 42) dated May 6, 2009, which

granted as unopposed the motion (Doc. 24) to quash subpoena filed by non-party

the Lebanon County Detective Bureau ("LCDB"), and it appearing that defendants

failed to oppose LCDB's motion (Doc. 24) because defense counsel "believed

incorrectly that the response had been filed by his office,"[1] (Doc. 44 at 2), and that

under the circumstances of the case, it is consonant with justice to allow defendants

to oppose the motion (Doc. 24) to quash on its merits, see <u>United States v. Jerry</u>, 487

_____

[1] The court granted LCDB's motion (Doc. 24) to quash as unopposed after the
court ordered defendants to file a brief opposing the motion on or before April 30,
2008, and they failed to do so. (<u>See</u> Doc. 42.) In the instant motion, defense counsel
states, "The blame for the failure to file rests solely upon the undersigned counsel
for failing to ensure that the [opposition] brief was filed in a timely manner." (Doc.
44 at 2.)

F.2d 600, 605 (3d Cir. 1973) (holding that a district court has the inherent power to reconsider its interlocutory orders "when it is consonant with justice to do so"); Alea N. Am. Ins. Co. v. Salem Masonry Co., 301 F. App'x 119, 2008 WL 5096865, at *1 (3d Cir. Dec. 4, 2008); see also Braden v. Univ. of Pittsburgh, 552 F.2d 948, 954 & n.32 (3d Cir. 1977) (citing cases); Kurns v. Chesterton, Civ. A. No. 08-2216, 2009 WL 249769, at *6 (E.D. Pa. Feb. 3, 2009) ("[I]f a district court has proper jurisdiction over the case, 'it possesses inherent power over interlocutory orders and can reconsider them when it is consonant with justice to do so.'"), it is hereby ORDERED that:

1.  Defendants' motion (Doc. 43) for relief from the order of court (Doc. 42) dated May 6, 2009 is GRANTED. The court's May 6, 2009 order granting non-party LCDB's motion (Doc. 24) to quash is VACATED.

2.  The Clerk of Court is instructed to docket as properly filed the proposed supplemental brief in opposition (Doc. 44, Ex. 1) to LCDB's motion to quash.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge