# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **D.N. and S.N., minors by and through their Guardians Ad Litem Arthur Nelson IV and Marie Nelson, ARTHUR NELSON IV, and MARIE NELSON,** : : : : : : **Plaintiffs** : : **v.** : : **KEVIN SNYDER, GORDON WATTS, and NORTH LONDONDERRY TOWNSHIP,** : : : : **Defendants** : | **CIVIL ACTION NO. 1:08-CV-0526** (Judge Conner) |

## **ORDER**

AND NOW, this 13th day of May, 2009, upon consideration of the motion (Doc. 24) to quash subpoena, filed by non-party the Lebanon County Detective Bureau ("LCDB"), wherein LCDB avers that it received a subpoena from defendants requesting "any and all records, documents, statements, memos, notes and interview transcripts which relate to the investigation conducted regarding Michael Fernsler," (see Doc. 24, Ex. A), and argues that the Pennsylvania History Record Information Act (the "PHRIA"), see 18 PA. CONS. STAT. §§ 9101, 9106(c)(4), prohibits disclosure of the subpoenaed information, and it appearing that defendants have volunteered to narrow the scope of the subpoena, so as to request "[a]ny and all notes, memos, reports, documents and correspondence regarding Michael Fernsler, Gerry Cassel, Gordon, Watts and/or Chief Kevin Snyder" and "[a]ny and all notes, memos, reports, documents and correspondence regarding

Michael Fernsler's employment with North Londonderry Township and/or that refer to the incident which involved the North Londonderry Township computer," (see Doc. 30 at 5), and that defendants "voluntarily agree to tailor their subpoena, to protect the confidentiality of [non-party minor] children, and [to] obtain those records relevant to Plaintiffs' claims," (Doc. 46 at 5), and it further appearing that Federal Rule of Civil Procedure 26 provides the "general framework for determining the scope of allowable discovery for cases in federal courts," Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000), that relevant information is discoverable absent the assertion of an apposite evidentiary privilege, see id.; see also FED. R. CIV. P. 26(b)(1), and that assertion of privileges in federal court on a claim presenting a federal question is governed by Federal Rule of Evidence 501, see FED. R. EVID. 501; see also Jaffee v. Redmond, 518 U.S. 1, 8 (1996), and, after an *in camera* review of LCDB's investigative files,[1] the court concluding that documents relating

---

[1] Pursuant to the order of court (Doc. 40) dated April 2, 2009, LCDB provided the court with three packets of material, which constitute "the entire case file associated with [LCDB's] prosecution of Michael Fernsler for the sexual assault of a minor child that occurred on or about November 13, 2007," (Doc. 41 n.2).
    The first packet of material submitted by LCDB contains what it describes as "copies of correspondence and associated documents relating to issues associated with Michael Fernsler's employment with the North Londonderry Township Police Department." (Id. at 3.) LCDB concedes that "[t]hese materials are admittedly relevant to Fernsler's past employment with the police department and his use of the computer at issue [in the above-captioned matter]." (Id.) For ease of identification, infra, the court will hereinafter refer to this packet as "Packet 1." The second and third packets are investigatory materials related to the November 2007 sexual assault. The November 2007 sexual assault is unrelated to the instant plaintiffs' claims. The court will hereinafter refer to these packets as "Packet 2" and "Packet 3," respectively.

to the following are relevant and discoverable under Rule 26: (1) Michael Fernsler's employment with the North Londonderry Police Department, (2) his termination therefrom, and (3) his assault on the above-captioned plaintiffs in March 2006, and that the PHRIA does not create a privilege applicable to the instant matter,[2] see Curtis v. McHenry, 172 F.R.D. 162, 164 (W.D. Pa. 1997) (rejecting the assertion that the PHRIA creates a blanket privilege prohibiting the disclosure of investigative police information to third parties in a case presenting a federal question in federal court); see also Pearson, 211 F.3d at 68 (holding that state "[s]tatutory provisions providing for duties of confidentiality do not automatically imply the creation of evidentiary privileges binding on courts"), and that LCDB does not assert the applicability of any other privileges, it is hereby ORDERED that:

1. The motion (Doc. 24) to quash is GRANTED in part and DENIED in part as follows:

---

[2] LCDB claims that § 9106(c)(4) of the PHRIA prohibits its disclosure of the sought-after documents. This section states: "Investigative and treatment information shall not be disseminated to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency which requests the information in connection with its duties, and the request is based upon a name, fingerprints, modus operandi, genetic typing, voice print or other identifying characteristic." On its face, § 9106(c)(4) does not contain the word "privilege." Furthermore, as the Pearson court explained, "Merely asserting that a state statute declares that the records in question are 'confidential' does not make out a sufficient claim that the records are 'privileged' within the meaning of FED. R. CIV. P. 26(b)(1) and FED. R. EVID. 501." Pearson, 211 F.3d at 68 (internal quotations omitted).

a. The motion is DENIED with respect to any and all notes, memoranda, reports, documents, and correspondence regarding Michael Fernsler's employment with the North Londonderry Police Department and/or that refer to the incident involving the North Londonderry Township computer.

Based upon the court's *in camera* review, the above-described documents are located in Packet 1. The court has also identified an interview memoranda located in Packet 2 and dated November 26, 2007, wherein Michael Fernsler discusses his employment with, and termination from, the North Londonderry Police Department. This specific portion of the memoranda is relevant and discoverable; LCDB may redact any portion of the memoranda unrelated to Michael Fernsler's employment with, and termination from, the North Londonderry Police Department.

b. The motion is GRANTED in all other respects.

2. The parties shall file, on or before May 20, 2009, a proposed protective order covering the information described in Paragraph 1. The protective order shall prohibit the disclosure of the information to anyone other than the parties' counsel and experts.

3. Subject to Paragraphs 1 and 2 above, LCDB shall comply with its obligations to produce non-privileged documents on or before June 1, 2009.

4. The court shall forthwith direct the United States Marshal to deliver LCDB's investigative file, which was produced to the court *in camera*, to John W. Ditzler, First Assistant District Attorney, Office of the Lebanon County District Attorney, 400 South Eighth Street, Room 11, Lebanon, Pennsylvania 17042-6794.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Court