# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **D.N. and S.N., minors by and through their Guardians Ad Litem Arthur Nelson IV and Marie Nelson, ARTHUR NELSON IV, and MARIE NELSON,** : <br> : <br> **Plaintiffs** : <br> : <br> v. : <br> : <br> **KEVIN SNYDER, GORDON WATTS, and NORTH LONDONDERRY TOWNSHIP,** : <br> : <br> **Defendants** : | **CIVIL ACTION NO. 1:08-CV-0526** <br><br> **(Judge Conner)** |

## ORDER

AND NOW, this 26th day of June, 2009, upon consideration of the motion (Doc. 53) to quash subpoena and for a protective order, filed by non-party the Pennsylvania Office of Attorney General ("OAG"), wherein OAG avers that it received a notice of deposition and subpoena from defendants requesting "[a]ny and all documents, notes, memos, recordings, emails, statements and/or reports relating to any conversations, interviews or statements from Chief Kevin Snyder of the North Londonderry Township Police Department, Gordon Watts, Township Manager for North Londonderry Township or any other individuals relating to Michael Fernsler's employment with the North Londonderry Police Department, his activities while a Police Officer for North Londonderry Township, including but not limited to allegations that Officer Fernsler viewed child pornography or any type of pornographic material on the North Londonderry Township Police

computer. This subpoena does not request, and specifically excludes, information pertaining to the victims involved in the case of Commonwealth of Pennsylvania v. Michael Fernsler," (see Doc. 54 at 2), and wherein OAG argues that the Criminal History Record Information Act (the "CHRIA"), see 18 PA. CONS. STAT. §§ 9101-9183, prohibits disclosure of the subpoenaed information,[1] and it appearing that defendants "agree to the entry of a strict confidentiality order and redaction of the identities of any crime victims," (Doc. 57 ¶ 9), and it further appearing that Federal Rule of Civil Procedure 26 provides the "general framework for determining the scope of allowable discovery for cases in federal courts," Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000), that relevant information is discoverable absent the assertion of an apposite evidentiary privilege, see id.; see also FED. R. CIV. P. 26(b)(1), and that assertion of privileges in federal court on a claim presenting a federal question is governed by Federal Rule of Evidence 501, see FED. R. EVID. 501; see also Jaffee v. Redmond, 518 U.S. 1, 8 (1996), and it further appearing that the CHRIA does not

---

[1] OAG cites no case law to support its assertion that the CHRIA creates a blanket prohibition against disclosure of law enforcement records in a case presenting a federal question in federal court.

create a privilege applicable to the instant matter,[2] see Curtis v. McHenry, 172 F.R.D. 162, 164 (W.D. Pa. 1997) (rejecting the assertion that the CHRIA creates a blanket privilege prohibiting the disclosure of investigative police information to third parties in a case presenting a federal question in federal court); see also Pearson, 211 F.3d at 68 (holding that state "[s]tatutory provisions providing for duties of confidentiality do not automatically imply the creation of evidentiary privileges binding on courts"), and that OAG does not assert the applicability of any other privileges, it is hereby ORDERED that:

1. The motion (Doc. 53) to quash and for a protective order is GRANTED in part and DENIED in part as follows:

    a. The motion is DENIED with respect to defendants' notice of deposition and subpoena, which appears at Docket Entry No. 58, Exhibit A.

    b. The motion is GRANTED with respect to OAG's request for a protective order.

---

[2] OAG claims that § 9106(c)(4) of the CHRIA prohibits its disclosure of investigative files, as well as the depositions of its investigators. This section states: "Investigative and treatment information shall not be disseminated to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency which requests the information in connection with its duties, and the request is based upon a name, fingerprints, modus operandi, genetic typing, voice print or other identifying characteristic." On its face, § 9106(c)(4) does not contain the word "privilege." Furthermore, as the Pearson court explained, "Merely asserting that a state statute declares that the records in question are 'confidential' does not make out a sufficient claim that the records are 'privileged' within the meaning of FED. R. CIV. P. 26(b)(1) and FED. R. EVID. 501." Pearson, 211 F.3d at 68 (internal quotations omitted).

3

2. The parties shall file, on or before July 2, 2009, a proposed protective order covering the information described in Paragraph 1. The protective order shall prohibit the disclosure of the information to anyone other than the parties' counsel and experts.


                                              S/ Christopher C. Conner
                                            CHRISTOPHER C. CONNER
                                            United States District Judge