# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| D.N. and S.N., minors by and through their Guardians Ad Litem Arthur Nelson IV and Marie Nelson, **ARTHUR NELSON IV**, and **MARIE NELSON**, : : : : : : **Plaintiffs** : : v. : : **KEVIN SNYDER, GORDON WATTS,** and **NORTH LONDONDERRY TOWNSHIP,** : : : : : **Defendants** : | CIVIL ACTION NO. 1:08-CV-0526 (Judge Conner) |

## ORDER

AND NOW, this 12th day of February, 2010, upon consideration of plaintiffs' motion (Doc. 86) for approval of settlement, wherein plaintiffs aver that "the settlement of this action for a total of $375,000, together with the enactment of a zero tolerance policy with respect to pornography and dismissal of the individual Defendants is reasonable," (id. ¶ 35), and it appearing that all parties concur in the motion, and it further appearing that "[t]he parties to an administrative settlement of a minor's claim need only follow the procedures in place in . . . state . . . court for the approval of minor's settlements," Reo v. United States Postal Serv., 98 F.3d 73, 78 (3d Cir. 1996), and that Pennsylvania law states that "[n]o action to which a minor is a party shall be compromised, settled or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor," PA. R. CIV. P. 2039(a); see also Klein v. Cissone, 443 A.2d 799, 802 (Pa.

Super. 1982) (explaining that the purpose of Rule 2039(a) "is to make the court aware of and in a position to properly evaluate a minor's settlement"), and the court concluding that the settlement represents a reasonable resolution of the parties' dispute and advances minor-plaintiffs' best interests, see Power v. Tomarchio, 701 A.2d 1371, 1374 (Pa. Super. 1997) (stating that Rule 2039(a) requires the court to "protect[] the best interests of the minor"), it is hereby ORDERED that:

1. Plaintiff's motion (Doc. 86) to approve settlement is GRANTED. The gross settlement amount shall total $375,000.00. Apportionment of the settlement proceeds shall be as follows:

    a. The attorney's fees and costs of Archer & Archer, P.C. are approved in the amount of $132,504.78.

    b. The sum of $31,000.00 shall be paid to the Pennsylvania Department of Public Welfare in satisfaction of a lien incurred during the course of the above-captioned litigation.

    c. The sum of $10,142.95 shall be paid to plaintiffs Arthur and Marie Nelson in satisfaction of expenses incurred during the above-captioned litigation.

    d. The balance of the settlement proceeds, in the amount of $201,352.27, shall be made payable to "Arthur and Marie Nelson, Guardians of minors D.N. and S.N." These funds shall be invested pursuant to Paragraph 49 of the motion (Doc. 86) to approve settlement. The funds shall be divided as follows:

        i. The amount of $100,676.14 shall be invested on behalf of minor-plaintiff D.N.

        ii. The amount of $100,676.13 shall be invested on behalf of minor-plaintiff S.N.

2. The Clerk of Court is instructed to DISMISS individual defendants Kevin Snyder and Gordon Watts. The settlement approved herein shall be between plaintiffs and defendant North Londonderry Township. See FED. R. CIV. P. 41(a)(2).

3. Subsequent to entry of this order, the court relinquishes jurisdiction to the Orphans' Court of the Dauphin County Court of Common Pleas with respect to the future disposition of funds remitted to minor-plaintiffs.

4. Defendants' motion (Doc. 63) for summary judgment is DENIED as moot and the Clerk of Court is instructed to CLOSE this case.

S/ Christopher C. Conner<br>
CHRISTOPHER C. CONNER<br>
United States District Judge